# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ERNEST LEE ROY MOORER,

        Plaintiff,

    v.                                                                                      Case No. 09-CV-1050

DECHERT, LLP, GARY GLOJEK, WILLIAM GRUBER,
LIZ SANTIAGO, LAMANICK, PIRTLE, MARTNES,
ASTRAZENECA, ELI LILLY & CO, and
WISCONSIN DEPARTMENT OF VETERANS AFFAIRS,

        Defendants.

---

## ORDER

On November 9, 2009, the plaintiff, Ernest Lee Roy Moorer, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Access is not unlimited however. Congress recognized that some nonpaying litigants would try to abuse the privilege. Accordingly, it authorized the courts to dismiss a claim filed *in forma pauperis* if the action is frivolous or malicious, fails to

state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The plaintiff has submitted an affidavit of indigence indicating that he is unable to pay the costs of commencing this action. From this, the court concludes that the plaintiff meets the poverty requirements of 28 U.S.C.§ 1915(a).

Another question is whether the complaint is frivolous. A complaint is frivolous if it has no arguable basis in law or fact or if the petitioner is unable to make any rational argument in law or fact that would entitle him to relief. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. The court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless. In this case, the complaint is not frivolous and, therefore, the petitioner's motion to proceed *in forma pauperis* will be granted.

Nevertheless, the complaint in this case will be dismissed without prejudice. Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 [1957]). In this case, the complaint fails to give the defendants notice of the claim and the grounds upon which it rests. The complaint apparently involves a number of

- 2 -

incidences which are not related. It is rambling and incoherent. "A district judge has the authority to dismiss a complaint because it is confusing, though only in a rare case would he be justified in dismissing it on this ground with prejudice, thus barring the filing of an amended complaint." *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. Ill. 2005) (internal citations omitted). Although a confusing pleading is not ordinarily a fatal defect, "it can become one if despite repeated attempts the plaintiff is unable to draft an intelligible complaint." *Id.* (citing *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376, 378-79 [7th Cir. 2003]; *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437 [8th Cir. 1983] [per curiam]).

The court makes several observations, however. Federal courts are courts of limited jurisdiction and may adjudicate a case only if there is both constitutional and statutory authority for federal jurisdiction. *See* Erwin Chemerinsky, *Federal Jurisdiction* at 248 (2nd ed. 1994). A person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. *See McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182-89 (1936); *see also, Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996).

The presence of federal question jurisdiction is determined by the plaintiff's complaint. A district court's federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates

- 3 -

the cause of action or that the plaintiff's right necessarily depends on resolution of a substantial question of federal law," in that "federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808 (1988) (citations omitted).

The plaintiff filed this action as one under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). It is unclear to the court whether any of the defendants were acting under the color of state law.

Diversity of citizenship can provide a basis for federal court jurisdiction. Section 1332 of Title 28 of the United States Code provides in relevant part:

> (a) the district courts shall have original jurisdiction of all civil cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States;

Based on a review of the plaintiff's complaint, it does not appear that there is diversity of citizenship of the parties as required under 28 U.S.C. § 1332.

Accordingly, in light of the foregoing, the plaintiff's request to proceed *in forma pauperis* in this action will be granted and this action will be dismissed without prejudice.

- 4 -

# ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed

*in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and the same is hereby

**DISMISSED**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge